UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CODY GABREL, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:25-cv-01319-JPH-MG |
| RUSS THOMAS Insurance Company<br>AARP Military Insurance, | ) |
|       Defendant. | ) |

**ORDER**

**I.**   ***In forma pauperis* status**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Twenty-one Dollars and Ninety-Two Cents ($21.92). *See* 28 U.S.C. § 1915(b)(1); *Whitaker v. Dempsey*, 83 F.4th 1059, 1061 (7th Cir. 2023) (stating that even a prisoner with $2000 in assets might be eligible to proceed *in forma pauperis*). The plaintiff shall have **through July 31, 2025**, in which to pay this sum to the clerk of the district court.

The plaintiff is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2).

1

## II. Jurisdiction show cause

Plaintiff Cody Gabrel has filed this action, alleging that the defendant insurance company is in breach of contract because it has improperly refused to pay out policy proceeds. Dkt. 1 at 2–4.

Federal courts are of limited jurisdiction, so "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Congress granted federal courts a statutory basis for jurisdiction primarily over two types of cases: cases "arising under" federal law, 28 U.S.C. § 1331, and cases where the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties. 28 U.S.C. § 1332(a). There must be "complete diversity," where all plaintiffs are diverse from all defendants. *See Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021). "These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Home Depot*, 139 S. Ct. at 1746.

Here, Mr. Gabrel has checked both boxes on the form complaint to indicate that he is suing for violations of both federal law under § 1331 and state law pursuant to § 1332. Dkt. 1 at 5. However, breach of contract is a state law cause of action and Mr. Gabrel does not appear to allege any federal cause of action. *See Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). And while he alleges that the amount in controversy is more than $75,000, he states that both he and the defendant are Indiana citizens. Dkt. 1 at 1–2. Therefore, it does not appear that there is any federal-question

jurisdiction or diversity jurisdiction.  Mr. Gabrel shall have until **July 31, 2025**

to **SHOW CAUSE** why this case should not be dismissed for lack of subject-

matter jurisdiction.

**SO ORDERED.**

Date: 7/10/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CODY GABREL
284455
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064